# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  April 30, 2019

```
* * * * * * * * * * * * *
DANIEL SILVER,                    *      UNPUBLISHED
                                  *
         Petitioner,              *      No. 17-1204V
                                  *      Special Master Gowen
v.                                *
                                  *      Attorneys' Fees and Costs
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
         Respondent.              *
* * * * * * * * * * * * *
```

Shealene P. Mancuso, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 30, 2019, Daniel Silver ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 34). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$14,417.15**.

### I.      Procedural History

On September 6, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza vaccination he received on October 22, 2014, caused him to suffer from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). On November 15, 2018, the parties filed a stipulation, which I adopted as my Decision

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

awarding damages on the same day. Decision, ECF No. 30.

On January 30, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Ms. Shealene Mancuso, in the total amount of $15,199.25, representing $14,303.60 in attorneys' fees and $895.65 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. *Id.* Respondent reacted to the fees motion on February 5, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 56). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for his attorneys: for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017 and $250.00 per hour for work performed in 2018, and $275.00 per hour for work performed in 2019; for Mr. Maximillian Muller, $300.00 per hour for work performed in 2017; and for Mr. Paul Brazil, $317.00 per hour for work performed in 2018. Fees App. at 1.  Petitioner also requests $125.00 - $150.00 per hour for all paralegal work performed.

The rates requested for Mr. Muller and Mr. Brazil are consistent with what counsel have requested and been awarded in previous Vaccine Program cases by the undersigned and other special masters.  *See e.g.*, *Curry v. Sec'y of Health & Human Servs.*, No. 16-68V, 2018 WL 3991228, at *1 (Fed. Cl. Spec. Mstr. Jul. 10, 2018); *Lee v. Sec'y of Health & Human Servs.*, No. 15-823V, 2018 WL 4403970, at *1 (Fed. Cl. Spec. Mstr. Aug. 22, 2018).   However, Ms. Mancuso's requested rates require an adjustment.   Other special masters have previously compensated Ms. Mancuso at $233.00 per hour for work performed in 2018 and $250.00 per hour for work performed in 2019. *See Prestia v. Sec'y of Health & Human Servs.*, No. 17-13V, slip op. at 3-4 (Fed. Cl. Spec. Mstr. Apr. 25, 2018); *Hyatt v. Sec'y of Health & Human Servs.*, No. 17-

650V, 2018 WL 4611618, at *1 (Fed. Cl. Spec. Mstr. Jun. 22, 2018); *Martin v. Sec'y of Health & Human Servs.*, No. 17-619V, slip op. at 3-4 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). I agree with the reasoning set forth in establishing Ms. Mancuso's 2018 and 2019 rates and I will also compensate her work in those years at $233.00 and $250.00, respectively. Additionally, $150.00 per hour for paralegal work in 2018 exceeds what Muller Brazil LLP paralegals have been awarded previously, and I will compensate that work at $125.00 per hour. Accordingly, this results in a total reduction from attorneys' fees in the amount of **$587.10**.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be largely reasonable, with only a minor reduction to paralegal time billed necessary. The billing records reflect several instances in which paralegals overbilled for filing documents, for reviewing CMECF generated notices of filings just made by petitioner, and for clerical/administrative tasks such as preparing exhibits. Accordingly, I will reduce the amount billed by paralegals by 10%, resulting in a reduction of **$195.00**.[3]

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $895.65, comprising of the cost of acquiring medical records and the Court's filing fee. Fees App. at 15. Petitioner has provided adequate documentation supporting all these costs, and they shall be reimbursed in full.

### III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,303.60 |
| (Reduction of Fees) | - ($782.10) |
| **Total Attorneys' Fees Awarded** | **$13,521.50** |
| | |
| Attorneys' Costs Requested | $895.65 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$895.65** |
| | |
| **Total Attorneys' Fees and Costs** | **$14,417.15** |

**Accordingly, I award the following:**

---

[3] ($1,970.00 billed by paralegals - $20.00 in rate reduction) * 0.1 = $195.00.

3

1)  **A lump sum in the amount of $14,417.15, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Shealene Mancuso.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**/s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).